**IN THE COURT OF APPEALS OF IOWA**

No. 14-0883
Filed November 13, 2014

**IN THE INTEREST OF J.B.,**
**Minor Child,**

**W.H., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Christopher O'Brien, Fort Dodge, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Ricki Osborn, County Attorney, and Jordan W. Brackey, Assistant County Attorney, for appellee State.

Derek Johnson of Johnson & Bonzer, P.L.C., Fort Dodge, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

The father appeals the termination of his parental rights, which we review de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The juvenile court terminated the father's parental rights to his fifteen-year-old daughter pursuant to Iowa Code § 232.116(1)(b), (e), and (*l*) (2013). Section 232.116(1)(e) allows termination of a parent's rights where the child has been adjudicated a child in need of assistance (CINA), the child has been removed from the parent's custody for at least six consecutive months, and the parent has not maintained significant and meaningful contact during that time and has made no reasonable efforts to resume care of the child. There is clear and convincing evidence to support termination under this provision.

J.B. was adjudicated a CINA in February 2013, though she was removed from her mother's custody in November 2012.[1] The father is currently incarcerated on a federal drug charge with a discharge date of 2020. He has not seen J.B. since 2010. His contact with the child since these CINA proceedings began consists of three letters, the first of which he sent in 2013. They were found to be inappropriate (speaking negatively about the mother and discussing conditions in prison including gangs and fighting), but were discussed with J.B.—who decided not to read them. The father has failed to maintain a place of importance in the child's life even to the extent available to him while incarcerated. *See In re E.K.*, 568 N.W.2d 829, 830-31 (Iowa Ct. App. 1997).

---

[1] The mother's parental rights were terminated, and she does not appeal.

We note too that the child informed the guardian ad litem she wished to have the parents' rights terminated. She is currently living and thriving in a foster home, and the family has stated they intend to adopt if given the opportunity.

We affirm the termination of the father's parental rights, concluding termination is in the child's best interests as that term is defined in section 232.116(2), and no section 232.116(3) factor weighs against termination.

**AFFIRMED.**